UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES,

        Plaintiff,                                  Hon. Wendell A. Miles

v.                                                     Case No. 5:04 CV 141

BASIL WOLEVER, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants Smith's, Datema's, Mawer's, and Wolever's Rule 56(b) Motion for Summary Judgment</u>. (Dkt. #28). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendants' motion be **granted** and Plaintiff's action **dismissed**.

## BACKGROUND

Plaintiff has a demonstrated history of abusing the legal process. *See, e.g., Reeves v. Smith, et al.*, Opinion, 4:03-cv-50 (W.D. Mich., Mar. 31, 2004). In response to Plaintiff's abusive legal tactics, the Honorable Robert Holmes Bell, Chief Judge, issued an injunction against Plaintiff on March 31, 2004, which provides as follows:

> IT IS FURTHER ORDERED that an injunction is issued against plaintiff with regard to all future lawsuits filed in this court (or initially filed in the United States District Court for the Eastern District of Michigan and transferred to this court) requiring plaintiff, upon pain of dismissal: (1) to utilize the court-approved form for prisoner civil rights complaints and

> complete all sections of that form; (2) to limit any supplement to the complaint form to no more than three single-sided sheets of paper containing legibly written factual allegations; (3) to limit his complaint to claims arising out of a common nucleus of fact; (4) to attach to his complaint only those exhibits necessary to demonstrate exhaustion of the claims asserted in the complaint against each named defendant and not exhibits relating to the merits of the claim; and (5) to preclude plaintiff from supplementing or amending his complaint in any future case without having first obtained leave of court, with a brief in support of any application for leave to amend showing that each proposed claim is exhausted as to each defendant and detailing how the proposed amendment arises out of the same nucleus of fact, why leave should be granted to add claims and/or parties, and plaintiff must attach to his brief a copy of the proposed amended complaint.

*Reeves v. Smith, et al.*, Judgment and Injunction, 4:03-cv-50 (W.D. Mich., Mar. 31, 2004).

The following allegations are contained in Plaintiff's complaint. (Dkt #1). On June 27, 2002, Plaintiff was "pulled" from his cell and taken "to the shower area for a strip search." The strip search was conducted by Defendants Jaramillo, Wolever, Mowatt, Mawer, and Smith, as well as several unidentified "John Does." This strip search was conducted "for no reason other than to harass [Plaintiff] for [his] attempts to litigate." During this search, Plaintiff was sexually and physically assaulted. After the strip search was completed, Defendants Jaramillo and Wolever threatened Plaintiff by informing him that, "we got something for your smart ass."

While Plaintiff was being subjected to this illegal strip search, Defendants Datema and Wolever were in his cell destroying his "legal documents, law books, eye glasses, etc." When Plaintiff informed Defendant Mowatt about the destruction of his property, Defendant Mowatt told Plaintiff, "I do not give a fuck, you should stop trying to litigate." As discussed below, the Court recommends that Plaintiff's lawsuit be dismissed for failure to exhaust administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter*

*v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement is mandatory and applies to all actions "brought with respect to prison conditions," regardless of the wrong alleged or the type of relief sought. *Id.* The district court is obligated to sua sponte enforce the exhaustion requirement. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).

To satisfy the exhaustion requirement, the prisoner must allege and demonstrate that he has exhausted all available administrative remedies. Accordingly, the prisoner should attach to his § 1983 complaint the administrative decision resolving his complaint, if such decision is available. *Id.* In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been properly exhausted. *See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The prisoner must also specifically identify in his grievance the particular defendant(s) against whom his action is asserted, thus enabling the prison system to address the matter in the first instance. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *VanDiver v. Martin*, 2002 WL 31166925 at *2 (6th Cir., Sep. 27, 2002) ("the issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific individuals mentioned in his grievance"). The Sixth Circuit later clarified this concept, holding that "for a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003).

Furthermore, the Sixth Circuit recently held that the Prison Litigation Reform Act mandates "total exhaustion." *Jones-Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005). Thus, when a prisoner files a "mixed" complaint, alleging both exhausted and unexhausted claims, the entire action

must be dismissed if the prisoner has failed to exhaust all available administrative remedies as to *any* of the claims in the complaint.  *Id.* at 805-09.

In his complaint, Plaintiff describes two separate incidents: (1) the strip search incident at the showers, and (2) the alleged destruction of property in his cell.  Plaintiff submitted one grievance regarding the strip search incident and a separate grievance regarding the alleged destruction of property. As described above, Plaintiff alleges in his complaint that after being searched he was verbally threatened by Defendants Jaramillo and Wolever.  Plaintiff's grievance regarding the strip search incident contains absolutely no mention of this alleged threat.  In fact, this particular grievance contains no assertions of wrongdoing against Defendant Wolever.

The Court concludes, therefore, that Plaintiff has failed to exhaust all available administrative remedies as to his claims that he was verbally threatened by Defendants Jaramillo and Wolever following the strip search incident at the showers.  Accordingly, the Court recommends that Plaintiff's action be dismissed without prejudice for failure to comply with the total exhaustion rule.

## CONCLUSION

For the reasons articulated herein, the Court recommends that <u>Defendants Smith's, Datema's, Mawer's, and Wolever's Rule 56(b) Motion for Summary Judgment</u>, (dkt. #28), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 23, 2005                             /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge